United States District Court
Southern District of Texas
**ENTERED**
May 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-13-712 |
| | § | |
| TROY RAY TRAWEEK | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant's *pro se* motion for a sentence reduction under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A) (Docket Entry No. 113).

Having considered the motion, the record, and the applicable law, the Court **DENIES** the motion for the reasons that follow.

## I. BACKGROUND AND CLAIMS

Defendant was convicted of two counts of production of child pornography and one count of distribution of child pornography. He was sentenced to a 180-month term of incarceration and a lifetime term of supervised release in October 2017. The conviction was affirmed on appeal.

In the pending motion, defendant seeks a sentence reduction to time served and/or a compassionate release based on (i) his 2017 physical assault by three prisoners; (ii) changes in the law as shown by two decisions from the United States Court of Appeals for the District of Columbia Circuit and the United States Court of Appeals for the Seventh Circuit; and (iii) his substantial assistance to federal authorities in investigating and prosecuting another prisoner in 2024. He requests appointment of counsel "if necessary."

## II. ANALYSIS

A.  Legal Standards

The Court has the authority under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i) to reduce a defendant's sentence of confinement if (i) extraordinary and compelling reasons warrant the reduction, (ii) such reduction fulfills the sentencing factors set forth in 18 U.S.C. § 3553(a), (iii) the reduction is consistent with the United States Sentencing Commission's applicable policy statements, and (iv) the defendant's claims are exhausted, in that his motion was filed with the Court following a lapse of 30 days after he submitted his request to the warden of his facility and there was no response.[1]

Under the amended provisions of United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b), district courts may consider the following extraordinary and compelling circumstances in their analysis: (1) medical circumstances of the defendant; (2) advanced age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence meeting certain requirements. *Id.* § 1B1.13(b)(1)–(6).

---

[1] *See United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024) (explaining the court must find that (1) extraordinary and compelling reasons justify a sentence reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) early release would be consistent with the sentencing factors in § 3553(a)). Exhaustion is required by 18 U.S.C. § 3582(c)(1)(A).

2

B.  Exhaustion

Defendant asserts that he exhausted his administrative remedies through the Bureau of Prisons ("BOP") prior to filing the instant motion. Nothing in the record before the Court contradicts defendant's assertion, and the Court finds that defendant exhausted his administrative remedies prior to filing the motion.

C.  Physical Assault

Defendant states that he was physically assaulted by three prisoners while confined at a BOP facility in Oklahoma in 2017. He initially argues that the assault constitutes extraordinary and compelling reasons for a compassionate release under U.S.S.G. § 1B1.13(b)(4).

Under § 1B1.13(b)(4), defendant must establish that, while in custody, he was a victim of (i) sexual abuse involving a sexual act, as defined in 18 U.S.C. § 2246(2); or (ii) physical abuse resulting in serious bodily injury, as defined in the Commentary to § 1B1.1. U.S.S.G. § 1B1.13(b)(4)(A)–(B). The abuse must have been inflicted by either a correctional officer, employee, or contractor of the BOP, or "any other individual who had custody or control over the defendant." *Id.* § 1B1.13(b)(4). Finally, the alleged misconduct "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding . . . ." *Id.* But if such proceedings are unduly delayed or the defendant faces imminent danger, a formal adjudication is unnecessary. *Id.*

3

Defendant acknowledges that the facts surrounding the assault do not meet all of these requirements. He contends, however, that the assault could qualify as extraordinary and compelling reasons for a compassionate release under § 1B1.13(b)(5) – "other reasons similar in gravity to those previously described." Although the Court is troubled by the assault described by defendant and does not in any way condone prison violence, it does not find that the 2017 assault constitutes extraordinary and compelling reasons for a compassionate release under § 1B1.13(b)(5).

Defendant's motion as predicated on the 2017 assault is denied.

D.   Substantial Assistance

Defendant alleges that in March 2024, he informed federal authorities that a prisoner at BOP facility FCC Petersburg was distributing child pornography within the facility. He states that the federal authorities thanked him and said the information would be essential in future prosecution of the prisoner.

Defendant acknowledges that the sentencing guidelines do not recognize "substantial assistance" as extraordinary and compelling reasons for a compassionate release. He argues, however, that his assistance could qualify as extraordinary and compelling reasons for relief under the catch-all provision of § 1B1.13(b)(5) – "other reasons similar in gravity to those previously described." But "substantial assistance" is *not* similar in gravity to any other provision set forth in § 1B1.13(b). The other provisions of § 1B1.13(b) – medical circumstances, advanced age, family circumstances, and abuse in custody – focus on factors

impinging on a prisoner's health or safety or are based in exigence. The guideline does not focus on reward-based factors as grounds for a compassionate release, as is defendant's objective in this instance. In short, the Court does not find that defendant's "substantial assistance" in informing federal authorities of another prisoner's criminal actions constitutes extraordinary and compelling reasons for a compassionate release under § 1B1.13(b)(5).

Defendant's motion as predicated on "substantial assistance" is denied.

E.  Changes in the Law

Defendant next looks to changes in the law as extraordinary and compelling reasons for a compassionate release. He acknowledges that nothing in § 1B1.13(b) recognizes changes in the law as an independent ground for a compassionate release. He argues instead that changes in the law can be relevant when addressing "unusually long sentences" under § 1B1.13(b)(6).

Absent from defendant's argument is any claim that his 180-month sentence is an unusually long sentence. Indeed, this Court would not be inclined to find that defendant's fifteen-year sentence is an unusually long sentence. Even so, the provisions of § 1B1.13(b)(6) are neither applicable nor helpful to his circumstances. Under § 1B1.13(b)(6),

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

As an initial consideration, the Court notes that defendant was sentenced in October 2017. Defendant has not yet served a full ten years imprisonment under his sentence as required by § 1B1.13(b)(6), and the guideline provisions regarding changes in the law do not apply. Regardless, the two cases cited by defendant from the District of Columbia Court of Appeals and the Seventh Circuit Court of Appeals are not binding precedent on this Court. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). Out-of-circuit opinions are, at best, persuasive authority, not binding precedent. *Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001) (observing that out-of-circuit authority is persuasive, not binding authority). Moreover, the decisions cited by defendant turned largely on the particular facts of each case, and defendant does not establish that they have factual or legal application to his convictions.

Defendant's motion as predicated on changes in the law is denied.

F.   <u>Rehabilitation</u>

As his final argument, defendant argues that his "exemplary rehabilitative efforts" support a compassionate release. It is unclear whether he is relying on rehabilitation as a stand-alone ground for relief or as additional background. If the former, it is well established that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for a compassionate release. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t) ("Rehabilitation of

the defendant alone shall not be considered an extraordinary and compelling reason."). That is not to say that rehabilitation may never be considered; it is only a factor warranting a reduction when a prisoner has otherwise demonstrated extraordinary and compelling reasons for relief. While the Court commends defendant's efforts at self-improvement, relief is not warranted as he has not shown extraordinary and compelling reasons for a compassionate release.

G. <u>Sentencing Factors</u>

Because defendant has not established extraordinary and compelling reasons for a sentence reduction/compassionate release, the Court need not consider his particular sentencing factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 (5th Cir. 2022).

## III. CONCLUSION

For the above reasons, defendant's motion for a sentence reduction and/or compassionate release (Docket Entry No. 113) is **DENIED**. His conditional request for appointment of counsel is **DENIED AS MOOT**.

Signed at Houston, Texas, on this 23rd day of May, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE